WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Henry Varela, Jr.; Yulmha Varela, | No. CV-08-2356-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Sal Perez, et al., | |
| Defendants. | |

## I. Background

Henry Varela, Jr. and James P. Sandoval were business partners in an entity known as Varela Enterprises, and were owners of patents for E-Systems modular housing. In 2002, Varela and Sandoval started a manufacturing facility in Yuma, Arizona, to produce pre-fabricated panels of steel and polystyrene for E-Systems modular houses to be constructed in Mexico. Sandoval, Varela, Jr., and Varela's son, Henry Varela III, became the targets of a criminal investigation of their business activities. Varela, Jr. was eventually charged in a 27-count criminal indictment with racketeering, fraud, and theft.

Plaintiffs Henry Varela, Jr. and Yulmha Varela allege in the present action that they are the victims of an improper criminal investigation and prosecution. They filed a nine-

count complaint against nineteen individual defendants and their spouses,[1] including a state court judge, prosecutors, crime victims, county and federal law enforcement agents, and a certified fraud examiner.

The court now has before it a motion to dismiss by defendants Cropley, Gabor, Cope, McLallen, Sershen,[2] and Tarin (collectively, "Crime Victim Defendants") (doc. 9), plaintiffs' response (doc. 14), the Crime Victim Defendants' reply (doc. 16), correction to their reply (doc. 35), and motion to expedite consideration of the motion to dismiss (doc. 10). We also have before us Kenworthy's motion to dismiss (doc. 13), plaintiffs' response (doc. 15), and Kenworthy's reply (doc. 27); a motion to dismiss by Casillas, Bier, Catron, Thomas Varela, Nelson, and Way (collectively, "Yuma County Defendants") (doc. 21), plaintiffs' response (doc. 32), and the Yuma County Defendants' reply (doc. 34); a motion to dismiss by Perez and Garcia (doc. 23), plaintiffs' response (doc. 31), and Perez and Garcia's reply (doc. 39); Linscott's motion to dismiss and joinder in co-defendants' motions to dismiss (doc. 38), plaintiffs' response (doc. 51), and Linscott's reply (doc. 53); Wahmhoff's motion for a more definite statement (doc. 69), plaintiffs' response (doc. 71), and the Crime Victim Defendants', Yuma County Defendants', Perez and Garcia's, and Linscott's opposition to plaintiffs' response (respectively docs. 74, 75, 76, 77). We also have before us Perez and Garcia's motion to strike plaintiffs' first amended complaint (doc. 79), other defendants' joinder in the motion to strike (docs. 80, 81, 82, 84, 87), plaintiffs' response to motion (doc. 83) and response to joinder (doc. 88). We also have before us Rosevear's motion to dismiss the first amended complaint (doc. 89), plaintiffs' response (doc. 90), and Rosevear's reply (doc. 91). Finally, we have before us plaintiffs' motion to amend the complaint (doc. 92).

---

[1] For ease of discussion, we will refer to the named defendants only. This order, however, shall have the same effect regarding defendants' spouses.

[2] Plaintiffs have now dismissed Don Sershen. Motion to Amend at 6.

## II. Motion to Strike/Motion to Amend

A party may amend a complaint once as a matter of course before being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A). After a responsive pleading is filed, however, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2).

Without seeking leave of the court, plaintiffs filed an amended complaint on July 24, 2009, after eight of the nineteen defendants had answered the original complaint and after five separate motions to dismiss were filed and pending. Pursuant to Rule 15(a)(1)(A), the amended complaint is effective only against those non-answering defendants—the Yuma County Defendants, Wahmhoff, Rosevear, Kenworthy, Linscott, and Henry Varela III.[3] On September 21, 2009, plaintiffs filed a motion to amend the complaint (doc. 92), lodging a proposed amended complaint that mirrors the amended complaint they filed on July 24, 2009. See Motion to Amend at 5.

Although the amended complaint modifies the claim structure relevant to all defendants, including those who have filed responsive pleadings, it does not significantly alter either the gravamen of the legal claims or the underlying factual allegations. The defendants' motions to dismiss claims raised in the original complaint apply with equal force to the claims raised in the amended complaint. Because those arguments are now fully briefed, and in the interest of judicial economy, we will not require the parties to re-file what would be substantially similar briefs challenging the slightly modified claims. Instead we will grant plaintiffs leave to file the amended complaint against all defendants and will consider the motions to dismiss as applied to the amended complaint. Defendants' motion to strike is denied (doc. 79) and plaintiffs' motion to amend is granted (doc. 92).

---

[3] Henry Varela III is the only defendant that has not filed either a motion to dismiss or a motion for more definite statement.

### III. Crime Victim Defendants
### Cope, Copley, Gabor, McLallen, Tarin

Each of the Crime Victim Defendants is named in the indictment as a victim of the crimes for which Henry Varela, Jr. is charged. These defendants contend that plaintiffs' claims are asserted against them for the purpose of harassment and intimidation because they provided information and statements to law enforcement officers and prosecutors. They now move to dismiss the claims pursuant to Rule 12(b)(6), Fed. R. Civ. P.

Plaintiffs' only allegation against the Crime Victim Defendants is that they "conspired to deprive Plaintiffs of their clearly established constitutional rights, privileges and immunities." Amended Complaint ¶¶ 135, 156. This single allegation serves as the only basis for including the Crime Victim Defendant into claims asserted against "All Defendants" in Counts 4, 5, 8 and 9 of the Amended Complaint. This allegation is wholly inadequate to state a claim upon which relief can be granted.

Rule 8(a)(2), Fed. R. Civ. P., requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss for failure to state a claim, the complaint need not contain detailed factual allegations, but it must, at a minimum, plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Plaintiffs' single, conclusory allegation that the Crime Victim Defendants conspired to deprive them of their constitutional rights falls far short of what is required to state a facially plausible claim.

Moreover, plaintiffs' allegations are legally insufficient to assert a claim under 42 U.S.C. § 1983 against private parties. Section 1983 actions will lie against a private party only when the private actor "is a willful participant in joint action with the State or its agents." DeGrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000). There are no allegations sufficient to allege that the Crime Victim Defendants acted jointly with the

County Defendants, sharing the common goal of violating plaintiffs' constitutional rights. Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002). The mere reporting of suspected criminal activity to law enforcement officials is not "joint action" that is capable of transforming private action into state action for purposes of § 1983. See Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1357-58 (9th Cir. 1981) (private party who merely supplies inaccurate information that leads to arrest is not involved in joint action with the state and thus is not liable under § 1983).

We grant the Crime Victim Defendants motion to dismiss all claims against them (doc. 9).

## IV. Kenworthy – Judicial Immunity

Defendant Lawrence Kenworthy, Superior Court Judge of Arizona in Yuma County, moves to dismiss the complaint as to all claims against him on the basis of judicial immunity. In both the original and amended complaints, Henry Varela, Jr. contends that Judge Kenworthy violated his constitutional rights when he failed to recuse himself from plaintiff's criminal action. Varela contends that Judge Kenworthy's prior law firm's handling of complaints regarding plaintiff's business activities created a conflict of interest that required recusal.

The doctrine of judicial immunity protects judges from state and federal claims related to acts performed in their official capacities. Stump v. Sparkman, 435 U.S. 349, 355, 361, 98 S. Ct. 1099, 1107 (1978); Acevedo v. Pima County Adult Prob. Dep't, 142 Ariz. 319, 321, 690 P.2d 38, 40 (1967). The doctrine has been applied to insulate judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives. Pierson v. Ray, 386 U.S. 547, 554, 87 S. Ct. 1213, 1218 (1988).

Here, plaintiff's only allegation is that Judge Kenworthy failed to recuse himself because of his law firm's conflict in representing victims of plaintiffs' alleged fraudulent business scheme. We reject plaintiffs' argument that a judge's decision whether to recuse himself is purely an administrative or ministerial function that is not protected by absolute

- 5 -

immunity. By definition, a judge's exercise of his discretion regarding his ability to participate in a judicial proceeding is an act performed within his official duties and is therefore subject to the doctrine of absolute judicial immunity.

We grant Judge Kenworthy's motion to dismiss all federal and state law claims against him (doc. 13).

## V. Count 4 – § 1985 Conspiracy

Plaintiffs assert a conspiracy claim under 42 U.S.C. § 1985 against all defendants. They claim that, through a variety of actions, each of the defendants "conspired to deprive plaintiffs of their clearly established constitutional rights, privileges and immunities." Amended Complaint ¶ 164.

42 U.S.C. § 1985(3) protects against conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws." In order to state a claim under § 1985(3), a plaintiff must allege that the conspiracy was motivated by a race or class-based discriminatory animus. Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68, 113 S. Ct. 753, 758 (1993).

Plaintiffs have failed to allege that defendants' action were motivated by a racial or class-based animus as required under § 1985. Nor do they allege that they are members of a class requiring or warranting special federal protection. See Maynard v. City of San Jose, 37 F.3d 1396, 1403 (9th Cir. 1994). Therefore, plaintiffs have failed to sufficiently state a claim under 42 U.S.C. § 1985, and Count 4 is dismissed.

## VI. Count 5 – Willful Interference

Plaintiffs assert in Count 5 of their amended complaint a nondescript claim entitled "Willful Interference." Although Count 5 is asserted against "all defendants," only certain defendants alleged to have been "acting under color of state law," are specifically named in the count. Amended Complaint ¶ 167. Plaintiffs assert generally that these defendants were required to comply with federal and state law in order to protect their constitutional rights. Id. ¶¶ 170-71. They allege that defendants' activities constituted "a pattern and/or practice of behavior demonstrating willful indifference" to their constitutional rights, thereby

"implement[ing] a *de facto* custom and policy of recklessly and consciously disregarding [their] constitutional rights." Id. ¶¶ 171-72.

As best we can tell, Count 5 is a recitation of the standard used to define municipal liability under § 1983. A municipality may be liable under § 1983 when the execution of its policies, practices, or customs evidences a deliberate indifference to a plaintiff's constitutional rights. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978); City of Canton v. Harris, 489 U.S. 378, 388-89, 109 S. Ct. 1197, 1204-05 (1989). But there is no local government defendant in this case. Therefore, Count 5 does not state a cognizable claim and is dismissed.

## VII. Equal Protection

In support of their § 1983 claims, plaintiffs contend that defendants violated their rights under the Equal Protection Clause. Amended Complaint ¶¶ 106(d), 165, 173. Defendants contend that these allegations are insufficient to state a claim under Rule 12(b)(6), Fed. R. Civ. P. We agree.

Section 1983 claims based on equal protection violations "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." Byrd v. Maricopa County Sheriff's Dept., 565 F.3d 1205, 1212 (9th Cir. 2009). The amended complaint contains no allegation that plaintiffs were intentionally discriminated against because of their membership in a protected class, or that defendants' actions were driven by a discriminatory motive. Nor have plaintiffs alleged that they have been intentionally treated differently from others similarly situated in order to support a "class of one" equal protection claim. See Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074 (2000). Plaintiffs claims based on equal protection violations are dismissed.

## VIII. County Defendants
### Perez, Garcia, Nelson, Way, T. Varela, Casillas, Bier, Catron

### A. State Law Claims – Counts 6, 8, and 9

Plaintiffs assert three state law claims against the County Defendants: Count 6 "right to contract/harassment," which we liberally construe as a claim for intentional interference with contract, Count 8 "loss of consortium," and Count 9 "emotional distress," which we construe as intentional infliction of emotional distress. The County Defendants contend that the state law claims are barred because plaintiffs failed to comply with Arizona's notice of claims statute.

Under A.R.S. § 12-821.01(A), a plaintiff with a claim against a public entity or public employee must first file a notice of claim within 180 days after the cause of action accrues. If a party fails to comply with the notice requirement, the claim is barred. Martineau v. Maricopa County, 207 Ariz. 332, 334, 86 P.3d 912, 914 (Ct. App. 2004). In addition, all actions against a public entity or employee must be brought within one year after the cause of action accrues. A.R.S. § 12-821.

Defendants contend, and plaintiffs do not dispute, that Yulmha Varela never filed a notice of claim against any public employee. Therefore, Yulmha Varela's state law claims against the County Defendants are barred.

Defendants also contend that Henry Varela, Jr.'s claims are barred because his notice of claim did not address either a claim for intentional infliction of emotional distress or loss of consortium, did not identify defendants Bier or Way, and was untimely. Plaintiff does not respond to these arguments.

We agree that the notice of claim filed on June 26, 2007 did not fairly notify the defendants of a claim for intentional infliction of emotional distress or loss of consortium. See Perez & Garcia MTD, exhibit A. Nor does the notice fairly inform the defendants of a claim for intentional interference with contract.

Moreover, plaintiffs' state law claims against the County Defendants must have been brought within one year after the cause of action accrued. See A.R.S. § 12-821. Varela, Jr.

- 8 -

filed the claim letter with Yuma County on June 26, 2007. He did not file his complaint, however, until December 24, 2008, more than one year after the cause of action accrued. Because plaintiffs failed to comply with A.R.S. §§ 12-821.01 and 12-821, we conclude that plaintiffs' state law claims against the County Defendants are barred. Therefore, we grant the County Defendants' motions to dismiss Counts 6, 8, and 9.

### B. Prosecutorial Misconduct – Nelson, Way, T. Varela

Defendants Roger Nelson, Robert Way, and Thomas Varela are prosecutors employed by Yuma County and are involved in the criminal prosecution of Henry Varela, Jr. They now move to dismiss the claims against them on the basis of prosecutorial immunity.

A prosecutor is accorded absolute immunity for his acts intimately associated with the judicial phase of the criminal process. Imbler v. Pachtman, 424 U.S. 409, 430, 92 S. Ct. 984, 995 (1976). The focus of the immunity analysis is on the nature or function of the prosecutor's activity. Burns v. Reed, 500 U.S. 478, 486, 111 S. Ct. 1934, 1939 (1991). Thus, a prosecutor enjoys absolute immunity from claims alleging that he maliciously initiated a prosecution, used perjured testimony at trial, or suppressed material evidence. Imbler, 424 U.S. at 431, 92 S. Ct. at 996. A prosecutor is also absolutely immune for preparing and filing charging documents. Kalina v. Fletcher, 522 U.S. 118, 129, 118 S. Ct. 502, 509 (1997). "Absolute prosecutorial immunity attaches to the actions of a prosecutor if those actions were performed as part of the prosecutor's preparation of his case, even if they can be characterized as 'investigative' or 'administrative.' " Demery v. Kupperman, 735 F.2d 1139, 1143 (9th Cir. 1984); Freeman ex rel. The Sanctuary v. Hittle, 708 F.2d 442, 443 (9th Cir. 1983) ("Investigative functions carried out pursuant to the preparation of a prosecutor's case also enjoy absolute immunity."). Evaluating evidence and interviewing witnesses in preparation for the initiation of a prosecution or for judicial proceedings are entitled to absolute immunity. Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 2615 (1993). Absolute immunity is not available, however, for a prosecutor's "investigative functions normally performed by a detective or police officer." Kalina, 522 U.S. at 126, 118 S. Ct. at 508.

1    Plaintiffs allege that the county attorneys did not have enough evidence to prosecute Henry Varela, Jr., Amended Complaint ¶ 134; they functioned as investigators and conducted pre-indictment interviews, id. ¶ 148; they failed to disclose exculpatory evidence, id. ¶ 150, they personally tracked down witnesses to set up investigative interviews, id. ¶ 151; and Thomas Varela traveled with law enforcement officers to Mexico to conduct interviews in order to fabricate evidence against plaintiffs, id. ¶ 152.

Based on the pleadings alone, we cannot conclude that the county prosecutors' investigative activities were sufficiently related to the judicial phase of a criminal proceeding so as to qualify for absolute immunity. This issue may be more properly resolved in a motion for summary judgment. Nelson, Way, and Thomas Varela's motion to dismiss plaintiffs' § 1983 claims on the basis of prosecutorial immunity is denied.

### IX. Linscott

Christopher Linscott is a forensic accountant, retained as a consultant by the Yuma County Sheriff's Office in the underlying criminal proceeding against Henry Varela, Jr. Linscott argues that plaintiffs fail to state a valid § 1983 claim because he was not acting "under color of state law" in his capacity as an independent consultant.

As previously discussed, a private citizen may be liable for acts and omissions committed "under color of state law" where he is "a willful participant in joint action with the State or its agents" sharing the common "goal of violating plaintiff's constitutional rights." Franklin, 312 F.3d at 445. We must find a "substantial degree of cooperation before imposing civil liability for actions by private individuals." Id.

Plaintiffs allege that Linscott agreed to "supply an 'expert opinion' base[d] upon Yuma County's . . . false and unsupported assumptions." Amended Complaint ¶ 144. This allegation is insufficient to support a claim that Linscott knowingly and substantially engaged in joint action with the County for the purpose of violating plaintiffs' constitutional rights. Plaintiffs' § 1983 claim against Linscott is dismissed.

We also grant Linscott's motion to dismiss the state law claims against him. In Count 7 of the amended complaint, plaintiffs allege that Linscott breached his professional duty to

Henry Varela, Jr. "by developing false and/or misleading information as to Henry Varela Jr." Amended Complaint 184. In order to support a claim for professional negligence, plaintiffs must establish that Linscott breached a duty owed to plaintiffs. Glaze v. Larsen, 207 Ariz. 26, 29, 83 P.3d 26, 29 (2004). Plaintiffs acknowledge, however, that Linscott was retained by the County, not the plaintiffs. Response at 3. Therefore, Linscott's duty was to the County. Plaintiffs' argument that Linscott's duty is the same duty owed by "every citizen . . . to provide truthful information to grand juries," id. at 3, is insufficient to satisfy the "duty" element of a professional negligence claim. Moreover, plaintiffs' claims are barred by the doctrine of absolute witness immunity to the extent they rely on Linscott's testimony before a grand jury. Briscoe v. LaHue, 460 U.S. 325, 334, 103 S. Ct. 1108, 1115 (1983). We conclude that plaintiffs have failed to state a claim of professional negligence against Linscott and Count 7 is dismissed.

We also conclude that plaintiffs have failed to state a claim for intentional infliction of emotional distress against Linscott. In order to maintain such a claim, "a plaintiff must show that the defendant's acts were so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Mintz v. Bell Atl. Sys. Leasing Int'l, 183 Ariz. 550, 554, 905 P.2d 559, 563 (Ct. App. 1995) (quotation omitted). Here, plaintiffs' only allegation against Linscott is that he supplied an expert opinion based on "false and unsupported assumptions" and "develop[ed] false and/or misleading information as to Henry Varela Jr." Amended Complaint ¶¶ 144, 184. These acts are not sufficiently extreme and outrageous to go beyond all possible bounds of decency. Count 9 is dismissed against Linscott.

Finally, without a viable underlying cause of action, plaintiffs' loss of consortium claim fails as well. See Barnes v. Outlaw, 192 Ariz. 283, 285-86, 964 P.2d 484, 486-87 (1998) (derivative claim for loss of consortium requires proof of each element of the underlying cause of action). Count 8 is dismissed against Linscott.

## X. Wahmhoff

Defendant Darren Wahmhoff, a border patrol agent employed by the federal government, was assisting the Yuma County Sheriff's Office in the investigation of plaintiffs' business activities and was involved in the arrest of Yulmha Varela. Wahmhoff asks the court to order plaintiffs' to file an amended complaint that provides a factual basis for the claims against him. In response, plaintiffs' filed the amended complaint. Wahmhoff's motion for more definite statement is granted (doc. 69).

## XI. Rosevear

Finally, we have before us Ken Rosevear's motion to dismiss plaintiffs' first amended complaint (doc. 89). Plaintiffs allege in Count 4 that Rosevear and other defendants "conspired to deprive Plaintiffs of their clearly established constitutional rights, privileges and immunities." Id. ¶ 135. The only allegations related to Rosevear, however, are that Rosevear "took exception" to plaintiff's criticism of him, id. ¶ 128, Rosevear is the president of the Yuma Chamber of Commerce and a friend of defendant Nelson, id. ¶ 129, and that Rosevear and others "discovered that Varela Manufacturing LLC was still operating in Mexico," id. ¶ 139. These allegations fall far short of the requirement of Rule 8(a)(2) that a party plead "enough facts to state a claim to relief that is plausible on its face." See Twombly, 550 U.S. at 544, 127 S. Ct. at 1974. Count 4 is dismissed as against Rosevear.

Plaintiffs also allege in Count 3 entitled "Misrepresentation/Slander" against Rosevear. There is no such claim. Even if we liberally construe Count 3 as asserting two separate claims, one for negligent misrepresentation and one for slander, both claims fail to satisfy Rule 8(a)(2) pleading requirements as defined by Twombly and Iqbal.

Plaintiffs allege only that Rosevear, as property manager for the manufacturing facility located at 1717 Pacific Avenue, "misrepresented the status of the overhead cranes." Amended Complaint ¶ 121. This ambiguous statement is wholly insufficient to state a claim for negligent misrepresentation. Moreover, plaintiffs' allegation that Rosevear "breached his duty to Plaintiffs when false information was provided to individuals slandering the name

of Henry Varela Jr.," id. ¶ 122, is insufficient to state a claim for slander. Plaintiffs do not even attempt to recite the elements of the claim, let alone enough facts to state a claim that is plausible on its face. Count 3 is dismissed.

For the same reasons, based on these scant allegations, plaintiffs' inclusion of Rosevear with "all defendants" in Counts 8 (loss of consortium) and 9 (intentional infliction of emotional distress) is unsupportable. Counts 8 and 9 are dismissed.

## XII. Conclusion

**IT IS ORDERED DENYING** defendants' motion to strike (doc. 79) and **GRANTING** plaintiffs' motion to file the amended complaint (doc. 92).

**IT IS ORDERED GRANTING** the Crime Victim Defendants' motion to dismiss (doc. 9) and **DENYING** their motion to expedite as moot (doc. 10).

**IT IS ORDERED GRANTING** Kenworthy's motion to dismiss (doc. 13).

**IT IS ORDERED GRANTING** Wahmhoff's motion for more definite statement (doc. 69).

**IT IS ORDERED GRANTING IN PART AND DENYING IN PART** the Yuma County Defendants' motion to dismiss (doc. 21).

**IT IS ORDERED GRANTING** Perez and Garcia's partial motion to dismiss (doc. 23).

**IT IS ORDERED GRANTING** Linscott's motion to dismiss (doc. 38).

**IT IS ORDERED GRANTING** Rosevear's motion to dismiss (doc. 89).

In summary, the following claims remain in this case: (1) Count 1 – § 1983 claim by Yulmha Varela against Perez, Garcia, Bier, and Wahmhoff; (2) Count 2 – misrepresentation and fraud claim against Henry Varela III; (3) Count 4 – § 1983 claim against Perez, Garcia, Wahmhoff, Casillas, Bier, Catron, Nelson, Way, Thomas Varela, and Henry Varela III; (4) Count 8 – loss of consortium against Henry Varela III and Wahmhoff; and (5) Count 9 intentional infliction of emotional distress against Henry Varela III and Wahmhoff.

It is painfully obvious that plaintiffs' shotgun approach in this litigation has already resulted in an unwarranted expenditure of judicial and party resources. The parties and counsel are advised that under 42 U.S.C. § 1988(b), a prevailing party, including a prevailing defendant, may be entitled to attorney's fees when a plaintiff's civil rights claims are "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S. Ct. 694, 700 (1978). Without deciding the issue, plaintiffs' counsel is cautioned to proceed in compliance with Rule 11(b), Fed. R. Civ. P.

DATED this 25th day of September, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge