**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Henry Varela, Jr.; Yulmha Varela, | No. CV-08-2356-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Sal Perez, et al., | |
| Defendants. | |

We now have before us the crime victim defendants' motion to amend or supplement our order dated September 28, 2009, and to enter Rule 54(b) judgment in their favor (doc. 98), plaintiffs' response (doc. 107), the crime victim defendants' reply (doc. 111), and plaintiffs' supplement to its response (doc. 121). We also have before us motions for entry of Rule 54(b) judgment by defendants Kenworthy (doc. 102) and Linscott (doc. 108), plaintiffs' responses (docs. 109, 117), and defendant Kenworthy's reply (doc. 116). We also have before us a motion by Lewis and Roca LLP and Myles D. Morrison to withdraw as counsel for the crime victim defendants (doc. 101).

On September 28, 2009, we entered an order dismissing with prejudice all claims against Kenworthy, Linscott, the crime victim defendants, and others (doc. 94). This case is at an early stage with respect to the remaining defendants. There is no just reason for delaying the entry of final judgment in favor of those defendants against whom all claims

have been dismissed. Therefore, it is ordered granting the motions for entry of final judgment pursuant to Rule 54(b), Fed. R. Civ. P., in favor of the crime victim defendants, Kenworthy, and Linscott.

The crime victim defendants also ask us to supplement or amend our order to include findings of fact supporting an award of attorney's fees and costs pursuant to Arizona's "anti-SLAPP" statute. A.R.S. § 12-751-52. The anti-SLAPP statute protects a party's "[e]xercise of the right of petition," which is defined as "any written or oral statement that falls within the constitutional protection of free speech and that is made as part of an initiative, referendum or recall effort" or that is "[m]ade before or submitted to a legislative or executive body or any other governmental proceeding." Id. § 12-751(1)(a). The statement must be "[m]ade in connection with an issue that is under consideration or review by a legislative or executive body or any other governmental proceeding." Id. § 12-751(b). The statute was intended to encourage the free participation in the process of government. The defendants have cited no case interpreting the right to petition the government under Arizona's anti-SLAPP statute as including the filing of a criminal complaint with law enforcement. The crime victim defendants' report of criminal activity to the police is not a "petition to the government" as that term is used in A.R.S. § 12-751. Therefore, the statute has no application to the present case.

The crime victim defendants also ask us to amend our order to make findings relative to attorney's fees under 28 U.S.C. § 1927 and 42 U.S.C. §1988(b). Defendants, however, did not seek fees under § 1988(b) in their motion to dismiss. A request for fees under § 1988(b) should be filed in accordance with Rule 54(d)(2), Fed. R. Civ. P., and LRCiv 54.2. Moreover, although defendants asserted that they are entitled to fees under 28 U.S.C. § 1927 in their motion to dismiss, they made no arguments in support of such a claim. Section 1927 authorizes sanctions only for the "multipli[cation of] proceedings." Moore v. Keegan Mgt. Co., 78 F.3d 431, 435 (9th Cir. 1996). Defendants' claim appears to be based on plaintiffs' filing of the complaint. But the filing of a complaint is not sanctionable under §1927. "It is only possible to multiply or prolong proceedings after the complaint is filed." Id. (quotation

1 omitted). Therefore, while we do not decide the issue since no formal claim has been presented, it appears that sanctions under § 1927 are unwarranted.

If defendants nevertheless intend to seek sanctions under § 1927 they may do so no later than 14 days after entry of this order. As stated, any motion for attorney's fees under § 1988(b) should be filed in accordance with Rule 54(d)(2), Fed. R. Civ. P., and LRCiv 54.2.

**IT IS ORDERED GRANTING** Kenworthy's motion for entry of Rule 54(b) judgment (doc. 102) and **GRANTING** Linscott's motion for entry of Rule 54(b) judgment (doc. 108).

**IT IS ORDERED GRANTING** the crime victim defendants' motion to the extent it seeks entry of Rule 54(b) judgment and **DENYING** the motion to the extent it requests an amendment of our order (doc. 98).

**IT IS ORDERED GRANTING** Lewis and Roca LLP and Myles D. Morrison's motion to withdraw as counsel for the crime victim defendants (doc. 101).

The clerk is instructed to enter final judgment in favor of defendants Kenworthy, Linscott, Cropley, Gabor, Cope, McLallen, Sershen, and Tarin.

DATED this 25th day of November, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge