**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Henry Varela, Jr.; Yulmha Varela, | ) No. CV-08-2356-PHX-FJM |
| Plaintiffs, | ) **ORDER** |
| vs. | ) |
| Sal Perez, et al., | ) |
| Defendants. | ) |

The court has before it the Yuma County defendants' motion to dismiss Jane Doe Bier (doc. 122), plaintiffs' response (doc. 129), and defendants' reply (doc. 130). We also have before us defendants Darren L. Wahmhoff and Laura Wahmhoff's motion to dismiss (doc. 103), plaintiffs' response (doc. 110), and the Wahmhoff defendants' reply (doc. 123).

**I**

The Yuma County defendants argue that the claims against Jane Doe Bier must be dismissed because she was not served within 120 days of the filing of the complaint as required by Rule 4(m), Fed. R. Civ. P. The complaint was filed on December 24, 2008, therefore service was required by April 24, 2009. Plaintiffs argue that because they filed an amended complaint, service on Jane Doe Bier on November 24, 2009, was timely.

Generally, the 120-day service period runs from the date of the original complaint, not an amended complaint. Contrary to plaintiffs' view, the filing of an amended complaint does

not extend the service of process deadline against a defendant named in the original complaint. If a plaintiff fails to timely serve a complaint, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Plaintiffs attempted service on Jane Doe Bier within the deadline but were unsuccessful (doc. 112). They claim that they did not learn her true identity until November 5, 2009, and then successfully served process on her on November 24, 2009 (doc. 126). There are no separate claims against Jane Doe Bier; she is named as a defendant solely by virtue of her marriage to defendant John G. Bier. Defendants do not contend that extending the service deadline would result in prejudice. Under these circumstances, we conclude that the service effectuated on Jane Doe Bier is sufficient. Therefore, we deny defendants' motion to dismiss her (doc. 122).

**II**

The Wahmhoff defendants move to dismiss the remaining claims against them—count 1 (42 U.S.C. § 1983), count 4 (42 U.S.C. §§ 1983, 1985, conspiracy), count 8 (loss of consortium) and count 9 (infliction of emotional distress). Plaintiffs consent to the dismissal of counts 8 and 9. Response at 1. Therefore, we consider counts 1 and 4 only.

In count 1, plaintiffs allege that Agent Wahmhoff, along with defendants Perez, Garcia and Bier, violated 42 U.S.C. § 1983 when they stopped, detained, searched and arrested Yulmha Varela and seized her personal property without probable cause. Amended Complaint ¶¶ 96-102.[1] Yulmha Varela alleges that she was legally operating her vehicle and was stopped "based on her marriage to Henry Varela, Jr." Id. ¶¶ 88, 90. The criminal

---

[1] We note that all of the allegations asserted in count 1 relate to the detention, search and seizure of Yulmha Varela only. Fourth Amendment rights are personal rights and may not be vicariously asserted. Moreland v. Las Vegas Metro. Police Dept., 159 F.3d 365, 369 (9th Cir. 1998). Therefore, count 1 claims are properly raised by Yulmha Varela only.

charges arising from the stop were eventually dismissed for lack of probable cause. Id. ¶ 103.

Section 1983 provides a remedy against persons acting under color of state law. 42 U.S.C. § 1983. Agent Wahmhoff is a federal border patrol agent, and as such was acting pursuant to federal, not state, law. Therefore, he is not subject to § 1983 liability unless it is shown that he "conspired or acted in concert with state officials to deprive [plaintiff] of [her] civil rights." Case v. Milewski, 327 F.3d 564, 567 (9th Cir. 2003). Joint activity between federal and state authorities is insufficient in itself to transform federal action into state action for purposes of § 1983 liability. Instead, there must be some showing that the state and federal agents shared the common goal of violating the plaintiff's federal rights. Id.

To survive a motion to dismiss for failure to state a claim, the complaint need not contain detailed factual allegations, but it must, at a minimum, plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Plaintiff's conclusory allegation that Agent Wahmhoff conspired with the state officers to deprive her of her constitutional rights falls far short of what is required to state a facially plausible claim. Because there is no allegation to support the claim that Agent Wahmhoff was acting under color of state law, we dismiss the § 1983 claim against him.

Plaintiffs' only allegation against Agent Wahmhoff in count 4 is that he acted in furtherance of a conspiracy under 42 U.S.C. § 1985. We have previously held that plaintiffs have failed to state a § 1985 conspiracy claim. Order (doc. 94) at 6. Therefore, count 4 is also dismissed as against Wahmhoff.

### III

Plaintiffs attached a proposed order to their case management plan providing for an extension of time to complete service on defendants Henry Varela III and Belinda Varela until December 14, 2009 (doc. 113, ex. B). We construe this as a motion for extension of time and deny it. Plaintiffs filed this action against Henry Varela III and Belinda Varela on December 24, 2008. Therefore, service of process was required no later than April 24, 2009. See Fed. R. Civ. P. 4(m). Now, almost 8 months after the service deadline, plaintiffs seek to extend the deadline without any explanation for their failure to timely serve. In contrast to claims asserted against Jane Doe Bier, the claims against Henry and Belinda Varela are separate and distinct from those asserted against the other defendants. Indeed, we question whether joinder of Henry and Belinda Varela is appropriate under Rule 20(a)(2), Fed. R. Civ. P. At all events, the time for service as long since expired, and there being no showing of good cause, we dismiss Henry Varela III and Belinda Varela without prejudice pursuant to Rule 4(m), Fed. R. Civ. P.

### IV

**IT IS ORDERED GRANTING** the Wahmhoff defendants' motion to dismiss all remaining claims against them (doc. 103).

**IT IS ORDERED DENYING** the Yuma County defendants' motion to dismiss Jane Doe Bier (doc. 122).

**IT IS ORDERED DISMISSING** Henry Varela III and Belinda Varela without prejudice.

**IT IS ORDERED DISMISSING** all fictitious parties.

DATED this 19th day of January, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge