1  **WO**

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7                              FOR THE DISTRICT OF ARIZONA

8

9  Henry Varela Jr., Yulmha Varela,              )   No. CV-08-2356-PHX-FJM
                                                 )
10              Plaintiffs,                       )   **ORDER**
                                                 )
11 vs.                                           )
                                                 )
12                                               )
   Sal Perez, et al.,                            )
13                                               )
                Defendants.                      )
14                                               )
                                                 )
15

16

17        The court has before it defendants Sal Perez and Raul Garcia's motion for summary

18 judgment (doc. 173), plaintiffs' response (doc. 179), and Perez and Garcia's reply (doc. 184).

19 We also have before us the Yuma County defendants, John Bier, Sigifredo Casillas, Matthew

20 Catron, Roger Nelson, Robert Way, and Tom Varela's ("Yuma County Defendants") motion

21 for summary judgment (doc. 172), plaintiffs' response (doc. 181), and the Yuma County

22 Defendants' reply (doc. 187).

23                                              **I**

24        This action arises from the criminal investigation of plaintiff Henry Varela Jr. and his

25 son, Henry Varela III.  The Varela father and son were in the business of building modular

26 housing panels and homes in Yuma, Arizona and Mexico.  Varela Jr. is currently being

27 prosecuted in state court on a 27-count indictment charging him with defrauding his victims

28 by taking their deposits and failing to start or complete the construction projects.

1       Varela Jr. and his ex-wife, Yulmha Varela, filed a nine-count complaint, asserting

2  claims under 42 U.S.C. § 1983 and state law, against nineteen individuals, including a state

3  court judge, prosecutors, crime victims, county and federal law enforcement officers, and a

4  certified fraud examiner, alleging that they are the victims of an improper criminal

5  investigation and prosecution.  We previously dismissed many of the defendants and claims

6  (doc. 94), leaving two § 1983 claims:  Count 1 by Yulmha Varela against Yuma County

7  Sheriff Officers Perez, Garcia, and Bier, and Count 4 by Varela Jr. against Yuma County

8  Sheriff Officers Perez, Garcia, Bier, and Casillas, and Yuma County Attorneys Nelson, Way,

9  and Thomas Varela.  The defendants now seek summary judgment on each of the claims.

**II**

11       The party moving for summary judgment has the initial burden of showing the

12  absence of evidence to support the non-moving party's case.  Anderson v. Liberty Lobby,

13  Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 (1986).  The burden then shifts to the non-

14  moving party to set forth specific facts demonstrating the existence of genuine issues for trial.

15  Fed. R. Civ. P. 56.  The non-moving party must "produce specific evidence, through

16  affidavits or admissible discovery material, to show that the dispute exists."  In re Barboza,

17  545 F.3d 702, 707 (9th Cir. 2008); Fed. R. Civ. P. 56(c)(1).

18       The Federal Rules of Civil Procedure require that a party asserting that a fact is

19  genuinely disputed "must support the assertion by citing to particular parts of materials in the

20  record."  Fed. R. Civ. P. 56(c)(1).  Our local rules further provide that in order to dispute an

21  opposing party's statement of fact, the party must "reference [a] specific admissible portion

22  of the record supporting the party's position."  LRCiv 56.1(b).

23       Here, plaintiffs' memoranda filed in response to both motions for summary judgment

24  wholly fail to comply with the federal and local rules.  Plaintiffs' response memoranda

25  present conclusory arguments, general denials, and global citations to more than 200

26  statements of fact.  Plaintiffs' memoranda do not include a single citation to the "specific

27  paragraph in the statement of facts that supports assertions made in the [response]."  LRCiv

28  56.1(e).  Moreover, plaintiffs' statements of fact fail to cite to the "specific admissible

1   portion of the record" as required by the Rules.  LRCiv 56.1(b).  Instead of referencing

2   specific admissible portions of the record to support their claims, plaintiffs' statements of fact

3   either make no reference to the record, or reference an entire document, without pinpoint

4   citations, leaving us with the task of scouring through hundreds of pages of record to

5   determine whether plaintiffs have met their burden.

6       In disregarding the Rules of Civil Procedure, plaintiffs have failed to satisfy their

7   burden of showing that a genuine issue of material fact exists as to any one of their claims.

8   Therefore, we grant defendants' motions for summary judgment (docs. 172 & 173).  We

9   nevertheless attempt to address each claim to the extent possible given the deficiency of

10  plaintiffs' briefs.

11                          **III.  Yulmha Varela**

12                    **A.  2003 Search and Seizure**

13      Count 1 of the amended complaint asserts § 1983 violations by Yulmha Varela against

14  Perez, Garcia, and Bier.  She alleges violations of her right to be free from illegal search and

15  seizure, illegal detention, invasion of privacy, and deprivation of due process.  Amended

16  Complaint ¶ 106.  Ms. Varela now also alleges a violation of her first amendment right to

17  free speech arising from a search warrant executed in 2003.  Nothing in the amended

18  complaint suggests that Ms. Varela was raising either a first amendment claim, or any claim

19  arising out of the 2003 search.  The allegations in Count 1 relate only to the 2006 search.

20  Ms. Varela cannot assert new claims in a response to a motion for summary judgment, or in

21  amended responses to interrogatories.  "[S]ummary judgment is not a procedural second

22  chance to flesh out inadequate pleadings."  Wasco Prods., Inc. v. Southwall Tech., Inc., 435

23  F.3d 989, 992 (9th Cir. 2006).

24      Even if we considered claims relating to the 2003 search and seizure, we would

25  nevertheless conclude that they are barred by the two-year statute of limitations.  See A.R.S.

26  § 12-542(1).  We reject plaintiff's argument that defendants have waived a statute of

27  limitations defense because they failed to assert one in their answer.  See Fed. R. Civ. P.

28  8(c)(1).  A party cannot reasonably be expected to raise an affirmative defense to a claim that

1  is not presented in the complaint.  For all of these reasons, summary judgment is granted in

2  favor of defendants on Ms. Varela's claims arising from the 2003 search and seizure.

3  **B.  2006 Search and Seizure**

4  On December 26, 2006, Henry Varela Jr. was arrested at his residence at 2150 S.

5  Chico Lane, Yuma, Arizona, and was charged with racketeering, fraud, and theft.  The next

6  morning, on December 27, 2006, Yuma County Sheriff's Office personnel executed a search

7  warrant at the Varela residence.  Yuma County Sheriff Detective John Bier was en route to

8  assist in the execution of the warrant when he saw a red Cadillac Escalade make a U-turn as

9  it was approaching the Varela home.  Det. Bier recognized the red Cadillac as the vehicle

10  regularly driven by plaintiff Yulmha Varela, Henry Varela Jr.'s wife.  Bier believed that the

11  driver of the vehicle made the U-turn in an attempt to avoid contact with the law enforcement

12  officers present at the Varela residence.  Bier stopped the vehicle and asked Ms. Varela to

13  return to the Varela residence.  Once inside the residence, the officers searched Ms. Varela's

14  purse and her vehicle.  A useable quantity of methamphetamine and drug paraphernalia were

15  found in the vehicle and Ms. Varela was placed under arrest.  Perez & Garcia SOF ¶¶ 22-24.

16  In Count 1 of the amended complaint, Yulmha Varela alleges that Perez, Garcia, and

17  Bier violated her constitutional rights by searching her vehicle and arresting her without

18  probable cause.  Amended Complaint ¶ 102.  In their motions for summary judgment,

19  defendants contend that they are entitled to qualified immunity on Ms. Varela's claims

20  because their conduct did not violate clearly established constitutional rights.

21  Qualified immunity shields public officials "from liability for civil damages insofar

22  as their conduct does not violate clearly established statutory or constitutional rights of which

23  a reasonable person would have known." Harlow v Fitzgerald, 457 U.S. 800, 818, 102 S. Ct.

24  2727, 2738 (1982).  If a public official could reasonably have believed that his actions were

25  legal in light of clearly established law and the information he possessed at the time, then his

26  conduct falls within the protection of qualified immunity.  Hunter v. Bryant, 502 U.S. 224,

27  227, 112 S. Ct. 534, 536 (1991).  We first determine whether plaintiff has stated a prima facie

28  claim that the defendant violated her constitutional rights.

- 4 -

1     Defendants Perez, Garcia, and Bier assert that the stop of Ms. Varela's vehicle and

2  her brief detention inside her home during the search is not a valid basis for a fourth

3  amendment claim.  They argue that they had a reasonable suspicion of criminal activity to

4  justify the brief detention because of her abrupt U-turn in an apparent attempt to avoid

5  contact with law enforcement officers at her house.  See generally Terry v. Ohio, 392 U.S.

6  1, 30, 88 S. Ct. 1868, 1884-85 (1968).  They further assert that Ms. Varela consented to the

7  search of her purse and car.  Perez & Garcia SOF ¶ 19, County Defendants SOF ¶¶ 20, 26

8  (citing Det. Bier's deposition testimony, Perez & Garcia SOF, ex. 9 at 92-94).

9     Plaintiff's only response to this evidence is her general denial that she consented to

10  the search or seizure of her person or property, without citation to her statement of facts or

11  to the record.  Response to Perez & Garcia MSJ at 5-6.  In her response to Det. Bier's

12  motion, she again generally denies that she gave her consent to the search and cites to

13  "Exhibit I."  Response to County Defendants MSJ at 4.  But this reference is to a 66-page

14  document without a specific page citation.  These responses fail to comply with the federal

15  and local rules of civil procedure requiring citation "to particular parts of materials in the

16  record," Fed. R. Civ. P. 56(c)(1), including "refer[ence] to a specific admissible portion of

17  the record where the fact finds support."  LRCiv 56.1(b), (e).  In failing to comply with the

18  rules, Ms. Varela has failed to satisfy her burden of showing a material issue of fact for trial.

19  Summary judgment is granted in favor of Perez, Garcia, and Bier on each of Yulmha

20  Varela's claims.

21                      **IV.  Henry Varela Jr.**

22                      **A.  Sal Perez, Raul Garcia**

23     Perez and Garcia also argue that they are entitled to qualified immunity on each of the

24  claims asserted against them by Henry Varela Jr.  The amended complaint only broadly

25  asserts claims of constitutional violations by Perez and Garcia, making it difficult to

26  understand the claims.  It appears that the allegations against Perez arise from the execution

27  of a search warrant in 2003 and plaintiff's arrest after marijuana was discovered during the

28  search.  Perez & Garcia SOF ¶¶ 38-42.  Plaintiff claims that Perez obtained the search

1    warrant by misrepresenting to the judge that the residence belonged to plaintiff's son.

2    Response at 3.  But there is no citation to the statement of facts or the record to support this

3    position.  Plaintiff also asserts that property was seized outside the scope of the search

4    warrant.  Id.  Again, there is no citation to any evidence to support this claim.  He claims that

5    Perez "hid evidence favorable to Henry Varela Jr."  Id.  Again, there is no citation to the

6    statement of facts or the record.  Plaintiff's response to the motion for summary judgment

7    is wholly insufficient to satisfy his burden of showing that a triable issue of material fact

8    exists.  Summary judgment is granted in favor of Perez.

9           Plaintiff's response to Garcia's motion for summary judgment suffers similar

10   infirmities.  Plaintiff asserts claims of illegal seizure of his person, illegal detention, and

11   deprivation of due process all arising out of his arrest in 2006.  In his motion for summary

12   judgment, Garcia argues that plaintiff's 2006 arrest was based upon a warrant, the sufficiency

13   of which has never been challenged.  Perez & Garcia MSJ at 7.  Without citing to his

14   statement of facts or any evidence in the record, plaintiff responds that Garcia "did not

15   provide a complete file to KLK Accounting and left out all evidence favorable to Henry

16   Varela, Jr."  Response at 4.  But there is no description of the omitted evidence, except to say

17   that they were "financial documents which showed Henry Varela Jr. was not involved in the

18   day to day operation of the Yuma manufacturing plant."  Id.  This is insufficient to even

19   allege that a constitutional violation occurred let alone successfully oppose a motion for

20   summary judgment.  Garcia's motion for summary judgment is granted.

21                              **B.  John Bier, Matthew Catron**

22          County Defendants argue that Varela Jr. acknowledged during his deposition that he

23   was making no § 1983 claim against defendants John Bier, Varela Jr. Depo at 65-67, or

24   Matthew Catron, id. at 67-68.  Varela Jr.'s only response to this argument is his reference to

25   a psychologist's statement that Varela, Jr. was experiencing an adverse reaction to his

26   medication at the time of his deposition and was therefore not competent to testify.  PSOF,

27   ex. K.  First, the psychologist's opinion is of little evidentiary value given that he did not

28   examine Varela Jr. until 60 days after his deposition.  Moreover, we rejected this argument

1 when we granted defendants' motion to strike Varela Jr.'s deposition correction form and

2 denied his "abusive attempt to use Rule 30(e)" to change his deposition testimony (doc. 183).

3 Summary judgment is granted in favor of John Bier and Matthew Catron.

## C.  Sigifredo Casillas

5 Plaintiff alleges that Detective Sigifredo Casillas violated his right to be free from

6 illegal arrest because Casillas was present when Varela Jr. was arrested, and because Casillas

7 transported him to jail.  Varela Jr. Depo at 69-71.  Defendants argue that this limited

8 participation in the arrest is insufficient to state a § 1983 claim for false arrest.  Plaintiff does

9 not respond to this argument.  Therefore, summary judgment is granted in favor of Casillas

10 on this claim.

11 Plaintiff also argues that Casillas violated his constitutional rights when he traveled

12 to Mexico to gather evidence and interview witnesses in connection with the ongoing

13 criminal investigation of plaintiff's business practices.  Plaintiff believes that the

14 investigation in Mexico violated Mexican law and that therefore it also violated his

15 constitutional rights.  This argument fails for several reasons.

16 First, a violation of Mexican law does not translate into a violation of the United

17 States Constitution.  Second, Det. Casillas testified that he did obtain permission from

18 Mexican authorities to enter Mexico in order to conduct the investigation.  County

19 Defendants SOF ¶¶ 47-55.  Plaintiff's statement (without citation to the record) that Casillas

20 "[d]id not contact Federal authorities," Plaintiff's Obj. to DSOF ¶ 48, does not create an issue

21 of fact as to whether Casillas had permission to investigate.  Finally, plaintiff fails to identify

22 what constitutional provision protects him from being the subject of a criminal investigation.

23 Plaintiff has failed to raise any material issue of fact to show that Det. Casillas'

24 criminal investigation in Mexico of Varela, Jr.'s business activities violated any clearly

25 established constitutional rights.  Summary judgment is granted in favor of Casillas.

## D.  Roger Nelson, Robert Way

27 Varela Jr. alleges that Deputy Yuma County Attorneys Roger Nelson and Robert Way

28 violated unspecified constitutional rights by interviewing two potential witnesses prior to his

1    2006 criminal indictment and by failing to timely disclose the content of those witnesses'

2    interviews. A prosecutor is entitled to absolute immunity from a civil action for damages

3    when he performs a function that is "intimately associated with the judicial phase of the

4    criminal process." Imbler v. Pachtman, 424 U.S. 409, 430, 96 S. Ct. 984, 995 (1976). These

5    protected functions include prosecuting and presenting the state's case. Id. at 431, 96 S. Ct.

6    at 995.

7         On or about December 8, 2006, Nelson and Way interviewed Bruce Crowe. County

8    Defendants SOF ¶ 63. Sometime between the Spring of 2006 and March 2007, Nelson and

9    Way interviewed Bob Dressler. Id. ¶ 65. On March 15, 2007, during the preparation of the

10    state's case against Varela Jr., Robert Way disclosed Bruce Crowe and Bob Dressler as

11    witnesses, including a mitigation statement made by Bruce Crowe. Id. ¶ 66. Plaintiff's

12    general reference to the Dressler and Crowe affidavits, Plaintiff's Obj to DSOF ¶ 66, does

13    not contradict this statement, or otherwise raise a triable issue of fact.

14         Plaintiff's only response to the motion for summary judgment is that "Nelson and

15    Way presented testimony to Yuma County grand juries which they knew was not supported

16    by the evidence to obtain an indictment and incarcerate Henry Varela, Jr." Response at 4.

17    But not only does he make no citation to the record, he makes no attempt to describe the

18    challenged testimony. This is wholly insufficient to raise a triable issue of fact. Moreover,

19    even if Nelson and Way had failed to timely disclose evidence of witnesses Crowe or

20    Dressler, there is no showing that the lawyers were acting in anything other than their

21    prosecutorial capacities, and thus are entitled to absolute immunity.

22         Summary judgment is granted in favor of Roger Nelson and Robert Way.

23    **E. Tom Varela**

24    Varela Jr. also alleges that Deputy Yuma County Attorney Tom Varela violated his

25    constitutional rights by traveling to San Felipe, Mexico in 2005 and providing information

26    concerning his criminal prosecution to plaintiff's business associates. Tom Varela moves for

27    summary judgment, arguing that plaintiff has failed to identify any acts or omissions on the

28

1   part of Tom Varela that deprived him of his constitutional rights, and failed to identify what

2   constitutional rights were violated.  County Defendants' MSJ at 8, 11-12.

3        Plaintiff's only response to Tom Varela's motion for summary judgment is his

4   statement that "Tom Varela traveled to Mexico to rest [sic] the business away from Henry

5   and put him in jail on false evidence produced by him," making only general references to

6   "Exhibit P, the affidavit of German Garduno" and "Exhibit D, the affidavit of Bob Dressler."

7   Response at 4.  He states that "[t]he violations as described in the statement of facts are of

8   constitutional dimensions."  Id.  But there is no reference to which statement of facts.  This

9   response fails to comply with the requirements of Rule 56(c), Fed. R. Civ. P., and LRCiv

10  56.1(b), and is wholly insufficient to overcome a motion for summary judgment.  Summary

11  judgment is granted in favor of Tom Varela.

12                                         **V.**

13        **IT IS ORDERED GRANTING** Sal Perez and Raul Garcia's motion for summary

14  judgment (doc. 173).

15        **IT IS FURTHER ORDERED GRANTING** the County Defendants' motion for

16  summary judgment (doc. 172).

17        Having resolved all claims in favor of all defendants, **IT IS ORDERED** that the clerk

18  shall enter final judgment.

19        DATED this 24th day of March, 2011.

20

21                        _Frederick J. Martone_____
                                Frederick J. Martone
22                              United States District Judge

23

24

25

26

27

28

- 9 -